FILED

2008 Sep-19  PM 01:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TAMMY SCRUGGS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: |
| | ) |
| UNIFUND CCR PARTNERS; | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; TRANS UNION, | ) |
| LLC, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

2.     This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.     The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.     Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

**Parties**

5.     The Plaintiff, Tammy Scruggs ("Plaintiff Scruggs"), is a natural person who resides within this Judicial District.

6.     Defendant Unifund CCR Partners ("Defendant" or "Unifund") is a foreign company that engages in the business of debt collection and reporting consumer credit information to credit reporting agencies.  It

conducts business in this Judicial District.  Its principal place of business is the State of Ohio and it is incorporated in Ohio.

7.  Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Illinois and it is incorporated in Delaware.

8.  Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of California and it is incorporated in Ohio.

## **Factual Allegations**

9.  In June 2008, Defendant Unifund sued Plaintiff in the District Court of Jefferson County, Alabama, with a case number of DV-2008-002754, for $6,532.81.

10.  In this suit, Defendant Unifund asserted it was the owner of a certain debt allegedly owed by Plaintiff Scruggs.

11.  Plaintiff Scruggs filed an Answer denying the allegations of Defendant Unifund.

3

12.    The state court set the case for trial.  Notice was sent to Defendant Unifund and Plaintiff Scruggs.

13.    At all times Plaintiff Scruggs was prepared for trial.

14.    The case resulted in a judgment in favor of Plaintiff Scruggs that was entered on August 25, 2008.

15.    Defendant Unifund knew it had lost the case.

16.    Defendant Unifund is not the owner of this alleged debt.

17.    Defendant Unifund reported and has continued to report to the credit reporting agencies that Plaintiff Scruggs owed this money and was in default.

18.    Plaintiff Scruggs did not and does not owe this money to Defendant Unifund.

19.    The debt being collected is a consumer debt as defined by the FDCPA.

20.    Plaintiff Scruggs is a "consumer" as defined by the FDCPA and FCRA.

21.    Defendant Unifund is a "debt collector" as defined by the FDCPA.

22.    After the victory at trial, Plaintiff Scruggs sent a letter to Defendants Experian and Trans Union, requesting an investigation of the

Defendant Unifund's account that still appeared on Plaintiff Scruggs's credit report.

23.   Plaintiff Scruggs requested that the Defendant Unifund's account be deleted, as Plaintiff Scruggs did not owe it, per the court's judgment in favor of Plaintiff Scruggs.

24.   Defendants Experian and Trans Union were not concerned and did not care about what the state court did in the case as Defendants Experian and Trans Union did not intend to perform a reasonable investigation.

25.   Defendants Experian and Trans Union did not perform any type of reasonable investigation.

26.   Defendants Experian and Trans Union notified Defendant Unifund in accordance with the FCRA of the dispute by the Plaintiff Scruggs.

27.   Alternatively, Defendants Experian and Trans Union did not properly notify Defendant Unifund and, as a part of this failure, did not include all relevant information provided by Plaintiff Scruggs in its notification of Defendant Unifund.  This includes notification that the state court entered a verdict in favor of Plaintiff Scruggs.

28.   All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Unifund account would have been deleted.

29.   On August 31, 2008, Defendant Trans Union issued its results of investigation, which shows the Defendant Unifund's account with a balance due  and that it is a collection account.

30.   On September 5, 2008, Defendant Experian issued its results of investigation, which shows the Defendant Unifund's account with a balance due and that it is a collection account.

31.   All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Unifund through its state court trial counsel that the case was a defeat for Defendant Unifund) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

32.   The Defendants Experian and Trans Union have previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

33.   For example, had Plaintiff Scruggs lost the suit and a judgment was entered in favor of Defendant Unifund, and Plaintiff Scruggs disputed with the CRAs, Plaintiff Scruggs would have been told by Defendants Experian and Trans Union that they were bound by the state court judgment which says Plaintiff Scruggs owes the money.

34.    These same Defendants Experian and Trans Union, however, <u>refused</u> to rely upon what the state court judge actually said – verdict for Plaintiff Scruggs.

35.    The verdict in favor of Plaintiff Scruggs means Plaintiff Scruggs does not owe the money claimed by Defendant Unifund.

36.    The state court ruling was a final judgment.

37.    This final judgment was not appealed.

38.    There is no avenue for appeal for Defendant Unifund of this judgment as the time to appeal has long since passed.

39.    Despite this knowledge, Defendants Experian and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Unifund, has told them to say.

40.    Defendants Experian and Trans Union have a policy to favor the paying customer, in this situation Defendant Unifund, rather than what the consumer or the state court says about a debt.

41.    The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Experian and Trans Union.

42.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

43.     Defendant Unifund has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Scruggs, who do not owe the alleged debt.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed when Defendant Unifund knows no balance is owed.

44.     Defendant Unifund has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Unifund has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Scruggs's credit reports.

45.     Defendant Unifund assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was

breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

46.   Defendant Unifund has a policy to "park" its accounts on at least one of the consumer's credit report.   This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

47.   In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

48.   All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Scruggs's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff Scruggs to pay on an account Plaintiff Scruggs does not owe.

49.   All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes

and that was already in their files and to conduct a reasonable investigation on Plaintiff Scruggs's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

50.   At all relevant times the Defendants Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Scruggs's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

51.   Defendant Unifund failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Scruggs's credit information and Plaintiff Scruggs's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint.  These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

52.   Defendant Unifund has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Scruggs.   These

actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Experian and Trans Union, that Plaintiff Scruggs owes the debt, that Plaintiff Scruggs defaulted, and that the account was in collections with a balance currently owed.

53. The Defendants Experian and Trans Union have failed to maintain Plaintiff Scruggs's account with maximum accuracy and these Defendants and Defendant Unifund have failed to properly investigate the account in response to the disputes made by Plaintiff Scruggs.

54. The conduct of the Defendants has proximately caused Plaintiff Scruggs past and future monetary loss, past and future damage to Plaintiff Scruggs's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

55. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant Unifund), FCRA (all Defendants) and state law (all Defendants).

56.    For example, Defendants Experian and Trans Union have been sued multiple times in this district over the past 24 months for this identical misconduct.

57.    All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

58.    All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Scruggs and/or with the knowledge that their actions would very likely harm Plaintiff Scruggs and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

59.    All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

60.    Defendant Unifund is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

61.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

62.    Defendant Unifund violated the FDCPA in numerous ways, including, but not limited to the following:

a.    Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

b.    Engaging in illegal collection activities on a debt that Plaintiff does not owe and that Defendants are not entitled to collect upon.

c.    Updating Plaintiff's credit reports to show that Plaintiff still owes this money when Plaintiff does not; and

d.    Updating the credit reports to show that the account was past due and in collections.

63.    Because of the violations of the FDCPA, the Defendant Unifund is liable to the Plaintiff Scruggs for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff Scruggs actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

64.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

65.    Defendants Experian and Trans Union are "consumer reporting agency(s)," as codified at 15 U.S.C. § 1681a(e).

66.    Defendant Unifund is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

67.    Plaintiff Scruggs notified Defendants Experian and Trans Union directly of a dispute on the Defendant Unifund account's completeness and/or accuracy, as reported.

68.    Defendants Experian and Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Scruggs disputes.

69.   Plaintiff Scruggs alleges that at all relevant times Defendants Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Scruggs's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

70.   Plaintiff Scruggs alleges that all Defendants failed to conduct a proper and lawful reinvestigation.   For example, Defendants were given notice that the suit was tried with the Plaintiff Scruggs winning the case, but Defendants apparently failed to review the court file or contact the court or contact counsel for Defendant Unifund.   Other examples will become apparent once discovery is commenced.

71.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Scruggs and/or with the knowledge that their actions would very likely harm Plaintiff Scruggs and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

72.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### <u>State Law Claims</u>

73.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

74.   All Defendants intentionally published false and defamatory information related to the Defendant Unifund account.

75.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Scruggs as set forth in this Complaint.   This includes the initial reporting of Defendant Unifund account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

76.   Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

77.   Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

78.   It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Scruggs.

79.     Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Scruggs as set forth in this Complaint.   This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

80.     Defendants invaded the privacy of Plaintiff Scruggs as set forth in Alabama law, including publishing false information about Plaintiff Scruggs's personal financial obligations.

81.     The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendants Unifund) and reporting this false information (all Defendants).

82.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

83.     As a result of this conduct, action, and inaction of all Defendants, Plaintiff Scruggs has suffered damage as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff Scruggs respectfully prays that judgment be entered against the Defendants for the following:

A.     An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.     Plaintiff Scruggs also requests all further relief to which Plaintiff Scruggs is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Unifund CCR Partners
10625 Techwoods Circle
Cincinnati, Ohio 45242

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104